## Creech, et al. v. Wisconsin Steel Company.

(Decided February 15, 1927.)

### Appeal from Harlan Circuit Court.

Vendor and Purchaser—Where Common Grantor's Deeed to Son and Son's Wife was Unrecorded, Wife's Heirs Could Not Recover Interest Against Innocent Purchaser for Value (Ky. Stats., Section 496).—Where common grantor conveyed land by deed to son and son's wife, which was never recorded, wife's heirs could not, 25 years subsequent to her death, claim one-half interest in property, where common grantor and his son and son's second wife deeded premises for value to defendant's predecessor in title; defendant being entitled to protection, under Ky. Stats., section 496, providing no deed shall be valid against purchaser for value without notice until acknowledged and lodged for record, there being nothing to suggest to defendant plaintiff's claim by way of possession or otherwise.

A. W. BAKER for appellants.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Mrs. Jasper Creech died about the year 1897. She left surviving her a number of children who, on February 22, 1923, brought this action against the Wisconsin Steel, Coal and Coke Company, alleging that they were the owners of one-half of a tract of land named in the petition, and praying judgment against the defendant therefor. The issues were made up, proof was taken and on final hearing the circuit court dismissed the plaintiffs' petition. They appeal.

The facts shown by the record are these: John Creech owned a large body of land in Harlan county on which he lived, and as his children grew up he settled them around him on parts of this land. In 1879 his son, Jasper Creech, married and he and his wife settled upon the tract of land in controversy. They lived there with their family until she died in 1897. In 1902, about the time a railroad was built through this section, the Virginia Coke and Steam Coal Company bought the land from John Creech and Jasper Creech, the latter's second wife joining in the deed, his first wife having died in 1897. He and his family then moved to Laurel county. The deed was made on October 6, 1902, the purchase having been made some months before. On October 30, 1902, the Virginia Coke and Steam Coal Company, for value, conveyed the land to James Deering. He, on December 1, 1904, for value, conveyed it to William C. Lane. Lane, for value, on February 7, 1907, conveyed it to the Wisconsin Steel Company, which has since held it and operated a coal plant on it. The plaintiffs proved that when Jasper Creech and his wife settled on the land the wife paid one-half of the purchase money and John Creech executed a deed to the husband and wife jointly for the land. This deed was never recorded, but remained in their possession until after she died. After her death and about the time of the sale of the land in 1902, John Creech asked for the deed and it was delivered to him and he burned it up. The plaintiffs also proved that when the deed to the Virginia Coke and Steam Coal Company was prepared this deed to their mother was lying on the table and the attorney who was representing Deering at that time was present and saw the deed. On the other hand, the defendant proves that John Creech then said that he had not made any deed to his son, and the full price of the land was paid on the understanding that the title was absolutely clear. While the evidence for the plaintiff tends to show some notice of this deed to the attorney who was representing Deering at that time, there is absolutely no evidence that Lane, who subsequently purchased the land for value, or the Wisconsin Steel Company, who purchased it for value from Lane long afterwards, had any notice of this unrecorded deed. Ky. Stats., sec. 496, provides:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate

shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.''

The Wisconsin Steel Company, being a purchaser for valuable consideration and without notice of the unrecorded deed, is not affected thereby. The purpose of our recording statute is that purchasers may buy the land safely from the persons having the title of record, and this purpose would be entirely defeated if this unrecorded deed were allowed to affect an innocent purchaser, who not only paid value for the land but has, at great expense, erected valuable improvements upon it. Business could not go on at all if such a construction of the statute was adopted. People who fail to record their deeds must bear the loss rather than innocent purchasers buying from those who have the title of record. In this case John Creech and Jasper Creech moved from the land to Laurel county and put the purchasers in possession. There was nothing to suggest to any of the subsequent purchasers any claim on the part of the appellants or to put them on notice of any such claim.

Judgment affirmed.